### WALLER COUNTY v. KEET McDADE, SR.

Decided February 22, 1901.

Counties—Contract—Condition Precedent—Costs.

Where certain county officers agreed with the county that if it would turn over to the county attorney for suit thereon all its outstanding county convict bonds, the county should not be taxed with any of the costs in the suits thereon, the retention by the county of a part of the bonds was a failure to perform a condition precedent to its right to exemption from liability for costs in suits on the bonds, and the measure of damages for such breach of the contract was not the amount of the further costs that would have accrued to the officers if suits had been brought on the bonds not turned over.

Appeal from the County Court of Waller. Tried below before Hon. R. E. Hannay.

*A. C. Tompkins* and *Keet McDade,* for appellant.

*W. J. Poole, T. D. Pinckney,* and *Lipscomb & Styles,* for appellee.

· GARRETT, CHIEF JUSTICE.—This action was brought by the appellee to recover of the appellant costs incurred and accruing to the appellee as clerk of the district court in a number of suits brought by the appellant in the District Court of Waller County upon county convict bonds. An itemized statement of the costs of the appellee in the several cases was made out by him and presented to the Commissioners Court for allowance and payment, but the court refused to allow the account and rejected the same. Suit was thereupon brought by him against the county to recover the amount. There were in the hands of the county judge of Waller County a large number of bonds executed for the hire of county convicts under article 3746 of the Revised Statutes, which were due and unpaid on September 13, 1899; and on that date the Commissioners Court entered into an agreement with the appellee and the sheriff and county attorney, which was signed by the parties, the county judge acting for the county, and was entered of record on the minutes of the court, that said officers would "bring suit and do all work pertaining to the bringing of suits on all bonds known as convict bonds, and try to collect by execution or otherwise moneys that may be due on all said convict bonds of Waller County, Texas, free of charge as to the party of the first part, and the party of the second part will release and tax not the party of the first part any cost or tax that may arise in bringing said suits, if the party of the first part turn over and deliver to W. W. Crook all of said bonds known as convict bonds of Waller County that are now due for W. W. Crook to bring suit on same." W. W. Crook was the county attorney. About the same time the Commissioners Court made an order that the county judge turn over to the county attorney on October 15, 1899, all county convict bonds "upon which said county attorney is hereby ordered to proceed according to law to collect." There were in all about eighty-five of the bonds, and they were in the custody of the county judge. The county judge did not deliver any of the bonds to be sued on until November 11th, when he delivered forty-five of them to the county attorney, and on December 20th he delivered twenty of them, retaining in his hands the remainder, which were never delivered. The bonds were demanded and called for several times by the county attorney, and the county judge would promise to deliver them, but failed to do so. In December the county attorney appeared before the Commissioners Court and requested that all of the bonds be turned over to him. The court again ordered the county judge to turn them over for suit, which he promised to do. Appellee's account was for the costs in forty-nine cases. He recovered judgment for the full amount of the costs incurred in all of them.

Appellant admits the breach of the contract to turn over all the bonds for suit, but contends that appellee could only recover such dam-

ages as he had sustained by the breach, and that the measure of damages could not be more than the costs that would have accrued to the appellee if suits had been brought on the bonds which had not been turned over to the county attorney for suit, which would have been much less than the amount of the judgment in his favor. Upon breach of the bonds it was the duty of the county judge or Commissioners Court to cause suit to be brought on them. Rev. Stats., art. 3748. In the absence of an agreement to the contrary, the county would be liable to the officers of the court in case of suit on the bonds for the costs accruing therein as any other plaintiff would be. The officers agreed with the Commissioners Court that they would not hold the county responsible for costs, but look only to the defendants, if all the bonds were turned over to the county attorney for suit. This was a conditional agreement, and the right of the county to be exempt from liability for costs depended upon its compliance with the condition upon which the agreement was made. The appellee brought suit against the county for the costs that accrued to him in the cases, and the county seeks to defeat liability therefor by proof of an engagement that the appellee would not hold the county liable, and if there was a breach of the agreement by the county, that the appellee could only recover such damages as he may have sustained by the breach. But a proper construction of the agreement shows that it was purely conditional. Suppose that the county had never turned over any of the bonds for suit, would it be contended that the officers could have maintained an action for damages against it for its failure to do so? The officers proposed to the county that if all of the bonds were sued on, they would look only to the defendants for their costs. This proposition the Commissioners Court agreed to accept, but did not follow up the agreement by compliance. Entire performance on the part of the county was an essential feature of the agreement, and its failure to turn over all the bonds was the failure to perform a condition precedent to its right to be exempt from liability for the costs to any extent. 2. Pars. on Con., 525. We affirmed the judgment of the court below on a former day of this term without a written opnion, as it is the custom of this court not to write opinions in affirmed cases of which it has final jurisdiction, but in deference to the earnest and able contention of counsel for the appellant that our judgment was wrong, we have carefully re-examined the case, and as a result are still of the opinion that the affirmance was right. The motion for a rehearing will be overruled.

*Motion Overruled.     Judgment Affirmed.*